IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ELLEN POPE, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. 2:05-CV-81-WCO |
| | : |
| TARGET STORES, INC., | : |
| | : |
| Defendant. | : |

# **ORDER**

The captioned case is before the court for consideration of defendant's motion for summary judgment [15-1].

## I.     **Background**

Plaintiff is a citizen of Georgia.  (Compl. ¶ 1.)   Defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.  (Id. ¶ 2.) Defendant operates retail stores throughout the United States.  (Id. ¶ 7.)  On June 26, 2003, while browsing through sale racks in defendant's Cumming, Georgia store, plaintiff tripped and fell over the base of one of the racks.  (Id. ¶¶ 7-8.)   As a result of plaintiff's fall, she injured her knee and hip.   (Id. ¶ 11.) Plaintiff filed suit, alleging that defendant acted negligently in placing the clothing rack where it could create a hazard.  (Id. ¶¶ 9, 12.)   Defendant now

moves for summary judgment, alleging that plaintiff failed to exercise ordinary care.

## II.     Summary Judgment Standard

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only those claims for which there is no need for a factual determination and for which there is a clear legal basis are properly disposed of through summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

It is well-settled that a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. See, e.g., Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). It is important to recognize, however, that this principle does not require the parties to concur on every factual point. Rule 56 "[b]y its very terms . . . provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Consideration of a summary judgment motion does not lessen the burden on the nonmoving party. The nonmoving party still bears the burden of coming forth with sufficient evidence. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). However, it is important to note the difference "between direct evidence and inferences that may permissibly be drawn from that evidence. Where a nonmovant presents direct evidence that creates a genuine issue of material fact, the only issue is one of credibility; thus, there is no legal issue for the court to decide." Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996). On the other hand, "[a] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the nonmovant relies, are 'implausible.'" Id. at 743. Adopting language from one of its sister circuits, the Eleventh Circuit stated:

> If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party. The nonmoving party's evidence must be taken as true. Inferences from the nonmoving party's "specific facts" as to other material facts, however, may be drawn only if they are reasonable in view of other undisputed background or contextual facts and only if such inferences are otherwise permissible under the governing substantive law. This inquiry ensures that a "genuine" issue of material fact exists for the factfinder to resolve at trial.

Id. (citation omitted). "Where the evidence is circumstantial, a court may grant summary judgment when it concludes that no reasonable jury may infer from the assumed facts the conclusion upon which the nonmovant's claim rests." Id.

### III.   Preliminary Matters

In the instant case, subject-matter jurisdiction over defendant is premised on diversity of citizenship between the parties under 28 U.S.C. § 1332. Pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), "a federal court in a diversity action must apply the controlling substantive law of the state." Cambridge Mut. Ins. Co. v. City of Claxton, 720 F.2d 1230, 1232 (11th Cir. 1983). Georgia law thus governs the resolution of the claim at issue in this action.

### IV.   Analysis

Under Georgia law, an owner or occupier of land who induces or leads others to come upon his premises for any lawful purposes is liable to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises safe. O.C.G.A. § 51-3-1. To recover in a premises liability case, a plaintiff must prove (1) that the owner of the premises had actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control. Williams v. Park Walk Apartments, 559 S.E.2d 169, 170 (Ga. Ct. App.

2002). A defendant is entitled to summary judgment when the record shows clearly that plaintiff had knowledge of the hazard that was equal or superior to that of defendant or that plaintiff would have had equal or superior knowledge had plaintiff exercised ordinary care for her personal safety. Freyer v. Silver, 507 S.E.2d 7, 8 (Ga. Ct. App. 1998).

The hazard in this case, a clothing rack, was a static condition. See Becton v. Tire King of N. Columbus, Inc., 539 S.E.2d 551, 553 (Ga. Ct. App. 2000) ("[a] static condition is one that does not change and is dangerous only if someone fails to see it and walks into it"). If an invitee knows of a static condition, the proprietor has no liability for the resulting injury to the invitee as the invitee has knowledge equal to the proprietor. Poythress v. Savannah Airport Comm'n, 494 S.E.2d 76, 79 (1997). "When nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." Id. As the liability of the proprietor is based on its superior knowledge, if the invitee knows of the condition or hazard, there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. Gyles, Inc. v. Turner, 361 S.E.2d 538, 539 (Ga. Ct. App. 1987).

Thus, under Georgia law, if the condition is open and obvious, an invitee may avoid it through the exercise of ordinary care. Becton, 539 S.E.2d at 553. "It

5

is incumbent upon the plaintiff to use the degree of care necessary under the circumstances to avoid injury to [herself]." Gaydos v. Gupe Real Estate, 440 S.E.2d 545, 547 (Ga. Ct. App. 1994). The plaintiff must use all of her senses in a reasonable manner amounting to ordinary care to discover and avoid things that might cause her harm. McCrary v. Bruno's, Inc., 464 S.E.2d 645, 647 (Ga. Ct. App. 1995).

It is undisputed that the clothing rack that plaintiff tripped over was in plain view. Plaintiff, however, tripped over the base of the rack. Plaintiff alleges that the base was obscured by the clothing that was hanging on the rack. Plaintiff argues that, as her view of the base of the rack was obstructed, this was not an open and obvious condition that she could have avoided by exercising ordinary care.

Defendant argues that plaintiff understood that clothing racks had bases due to her previous shopping experience and past work experience at Wal-Mart. Thus, defendant argues that plaintiff could have avoided injuring herself through the exercise of ordinary care by paying attention and avoiding tripping over the base of the rack.

The court agrees with defendant that the clothing rack was an open and obvious static condition. Furthermore, plaintiff's admitted familiarity with the

6

construction of clothing racks in general and her previous experience both working and shopping in similar retail stores lead the court to conclude that plaintiff had knowledge that clothing racks have bases that extend out from the upright structure to support the weight of the clothes hanging thereon.  Thus, the court finds that plaintiff had equal knowledge of the "hazard" created by the base of this clothing rack.

As for plaintiff's claim that the base of the rack was covered by clothing that obscured her view, if true, plaintiff must have been walking so close to the rack that her foot came under the clothes and hit the base.  If the base of the rack was not obstructed by clothing, then plaintiff could have seen it.  In either scenario, it is clear to the court that plaintiff could have avoided tripping over the base of the rack through the exercise of ordinary care.

Furthermore, there is no allegation that the clothing rack at issue posed an unreasonable risk of harm through any hazardous design.  Although plaintiff alleges that the racks were positioned such that there was not much space between them, plaintiff could still observe where the racks were located and maneuver accordingly.  Thus, the court finds that plaintiff failed to exercise ordinary care to avoid tripping over the clothing rack that was an open and

obvious condition.  Accordingly, defendant is entitled to judgment as a matter of law.

**V.     Conclusion**

Based on the foregoing, defendant's motion for summary judgment [15-1] is hereby **GRANTED**.

IT IS SO ORDERED, this 17th day of March, 2006.

                                                 s/William C. O'Kelley
                                                 WILLIAM C. O'KELLEY
                                                 Senior United States District Judge